UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-10134-DPW |
| | ) | |
| (1) DAVID TKHILAISHVILI, | ) | |
| Defendant. | ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**WOODLOCK, S.D.J.**

WHEREAS, on May 11, 2016, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment charging defendant David Tkhilaishvili, (the "Defendant"), and another, with Conspiracy to Extort, in violation of 18 U.S.C. § 1951 (Count One); Attempted Extortion of the Clinic, in violation of 18 U.S.C. §§ 1951 and 1952 (Count Two); Embezzlement from Health Care Program, in violation of 18 U.S.C. §§ 669(a), and 2 (Counts Three and Four);

WHEREAS, the Indictment contained an Extortion Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One and Two of the Indictment, of any property real or personal, which constitutes or is derived from proceeds traceable to such offenses;

WHEREAS, the Indictment also contained a Health Care Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(7), which provided notice that the United States sought the forfeiture, upon conviction of any offenses alleged in Counts Three and Four of the Indictment, of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendants, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b)(1), both incorporating 21 U.S.C. § 853(p);

WHEREAS, on May 8, 2017, after a five-day jury trial, a jury found the Defendant guilty on Counts One through Four of the Indictment;

WHEREAS, during the trial evidence and testimony from Lindsay Zimmerman, Federal Bureau of Investigation Forensic Accountant, was presented and she testified the Defendant wrote himself a check from the Clinic's bank account on November 3, 2015 for $1,500 and thereafter took a $2,000 draw from the Clinic's payroll account on November 19, 2015, and that the Clinic's operating agreement provided that no member was permitted to write checks in excess of $1,000 without all of the members' approval, therefore this $3,500 ($1,500 plus $2,000) was over and above the Defendant's salary and constitute the proceeds of the embezzlement counts, Counts Three and Four of the Indictment;

WHEREAS, based on the on the evidence and testimony presented at trial and the jury's verdict as to David Tkhilaisvili on May 8, 2017, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $3,500 in United States Currency, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1), incorporating 21 U.S.C. § 853(p);

WHEREAS, the amount of $3,500 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 669(a) and 2;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $3,500 in United States Currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $3,500 in United States Currency, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1), incorporating 21 U.S.C. § 853(p).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order (Money Judgment).

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.  Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
Senior United States District Judge

Dated: December 19, 2017