IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID TKHILAISHVILI | No. 16-cr-10134-DPW |

## DEFENDANT'S RE-SENTENCING MEMORANDUM

Defendant, David Tkhilaishvili, respectfully submits this memorandum and attached exhibits[1] in connection with his re-sentencing upon remand from the First Circuit.  For the reasons set forth below, we request that the Court:

- impose a sentence of imprisonment for "time served" (effectively, a reduction of approximately three months from his current BOP release date of October 21, 2019);

- reduce the term of supervised release from three years to two, with certain adjustments to conditions of release explained below;

- revise the restitution (and money judgment) amount to $2000 (a reduction of $1,500, the amount at issue in now-vacated Count Three);

- revise the special assessment to $300 (a reduction of $100 to reflect three rather than four counts of conviction.

The proposed sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a) and is appropriate to reflect the change in legal setting after appeal, changes in David's family circumstances, most notably the death of his father, and David's rehabilitative efforts since his first sentencing.

---

[1] Exhibit A is a letter from Mr. Tkhilaishvili's mother, translated by a family friend.  Exhibit B is a letter from Mr. Tkhilaishvili, himself.  Exhibit C is his certificate of baptism.  Exhibit D is his father's death certificate, in Georgian with an accompanying English translation.  Exhibit E is a certification that he completed the BOP non-residential drug treatment program.  Exhibit F is a certification that he completed the BOP Threshold Re-entry Program.

**Background**

On May 8, 2017, a jury convicted Mr. Tkhilaishvili of conspiracy (Count One) and attempt (Count Two) to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951, and two counts of embezzlement from a health care benefit program, in violation of 18 U.S.C. § 669(a). On December 19, 2017, this Court sentenced him to 36 months of incarceration, $3,500 in restitution (and imposed a forfeiture money judgment in the same amount), and a $400 special assessment. On appeal, the First Circuit vacated the conviction on Count Three (embezzlement of $1,500) and remanded the case for resentencing.

Mr. Tkhilaishvili is now 38 years old. Born, raised, and educated in the Republic of Georgia, Mr. Tkhilaishvili became a naturalized American citizen in 2008. His biography is set forth in greater detail in the PSR and original Sentencing Memorandum [DE 154], and is not repeated here.

After sentencing, Mr. Tkhilaishvili was designated to FCI Fairton, a medium security facility in New Jersey. He maintained a clean disciplinary history and availed himself off all programming available to him. He completed the BOP Non-Residential Drug and Alcohol Treatment Program (Ex. E) and the Threshold Re-Entry Program (Ex. F). In addition, even though he already had earned a college-level degree in Georgia, he participated in GED classes as a vehicle to improve his English skills. Finally, he was baptized as a Christian and completed the 12-month ISOM program (Christian Education Ministry) (Ex. C). Meanwhile, Mr. Tkhilaishvili's father passed away suddenly during a visit to Georgia on January 3, 2019 (Ex. D). Mr. Tkhilaishvili will need to travel to Georgia to handle necessary tasks connection to disposition of his father's modest estate once he is permitted to travel.

**Argument**

The First Circuit decision vacating Count Three requires the proposed adjustment of the restitution, money judgment, and special assessment amounts. And while the Guideline Sentencing Range remains without change at 37-46 months, the Court should nevertheless grant the modest requested reduction in sentence and adjustment of supervised release conditions.

In determining the minimally sufficient punishment under section 3553(a) at a resentencing proceeding, in addition to changes in the legal framework flowing from the Court of Appeals remand, this Court may consider any developments since the time of the original sentencing, including the defendant's "rehabilitative efforts." *United States v. Bryant*, 643 F.3d 28, 34 (1st Cir. 2015) ("[I]n light of *Pepper v. United States*, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011), it is now clear that there is no bar to consideration of such evidence at a resentencing. *Id*. at 1239-43."). Here, the modest proposed adjustment to the sentence is warranted for several reasons.

First, even though the Guideline range did not change, it is entirely appropriate for the Court to make a modest adjustment to the sentence as a normative statement about law and consequences. Just as criminal charges and convictions have meaningful consequences, so too should appellate decisions vacating erroneous counts of conviction.

Second, the Court should recognize Mr. Tkhilaishvili for his constructive engagement in programming, his efforts to better himself, and for demonstrating an ability to control his temper and conform to rules. At the original sentencing, this Court described the Mr. Tkhilaishvili ‑ not without justification – as somebody with "anger management" issues, 12/19/17 Tr. at 27, and as an "individual who chooses to conduct his affairs with others . . . . in a threatening fashion, who feels no particular obligation to comply with the law, no particular obligation to comply with

rules..." 12/19/17 Tr. at 38.  But as noted, Mr. Tkhilaishvili had no disciplinary issues whatsoever in BOP custody.  Of course, at first blush, one might ask, "isn't this what we should expect of everybody?"  But even with the best intentions and self-discipline, it can be very challenging to maintain a spotless record in custody – even when inmates try assiduously to avoid trouble, trouble nevertheless often finds them, through little fault of their own. Maintaining a clean record is much more difficult, if not impossible, for inmates who are quick to take offense or exhibit a sense of entitlement or misguided belief that rules do not apply to them.  Mr. Tkhilaishvili clearly has learned from his custodial experience and demonstrated an ability to control his emotions and behavior that should continue to serve him well on supervised release and in the community at large after that.

Third, there is surely no necessity and little if any marginal benefit to continuation of nominal BOP custody at this juncture, where Mr. Tkhilaishvili has already transitioned to a RRC.  And in light of his father's death, his continued absence from his family weighs heavily.

In addition to the modest (approximately 3-month) proposed reduction in custody, these same considerations support a reduction of the term of supervised release.  Two years is ample time for Mr Tkhilaishvili to demonstrate good conduct in the community; if he falters the Court can impose appropriate consequences and extend the term.

With regard to the conditions of supervision, the Court should remove the drug treatment provision.  While Mr. Tkhilaishvili has no history of drug abuse, the Court imposed a special condition to participate in treatment at the original sentencing:

> I am going to require him to participate in a drug treatment program. There is a certain irony involved here that he chose to exploit the drug difficulties of vulnerable people. It seems to me important for him to understand with some particularity who those people are by participation in a drug treatment program.

12/19/17 Tr. at 41.  Mr. Tkhilaishvili has satisfied the Court's intentions by his participation in the BOP drug treatment program.  Limited treatment resources in the community should be reserved for those actually suffering from addiction who truly need them.

Mr. Tkhilaishvili also requests that he be permitted to have contact with his brother, notwithstanding "default" supervision conditions that prohibit contact with co-defendants or other felons.  Mr. Tkhilaishvili and his brother with both need to assist their widowed mother and both of their participation is essential to ensure the continuing viability of the family pizza business.  Moreover, maintenance of family ties is a protective factor against recidivism.  The underlying offense conduct in this case did not arise from inherent malign influence of the brothers on each other but rather from a unique set of circumstances surrounding their business venture with Mr. Torosyan.

Finally, Mr. Tkhilaishvili requests that the Court permit him to travel briefly to Georgia with his mother as soon as practicable after supervision begins in order to visit his father's grave and to put his father's estate in order.[2]

For the foregoing reasons, the Court should impose the requested sentence.

                                        Respectfully submitted,

                                        DAVID TKHILAISHVILI
                                        by his attorney

                                              */s/ William Fick*
                                        WILLIAM W. FICK, ESQ. (BBO # 650562)
                                        FICK & MARX LLP
                                        24 Federal Street, 4th Floor
                                        Boston, MA 02110

---

[2] Mr. Tkhilaishvili is a U.S. citizen who relinquished Georgian citizenship at the time of his naturalization.  As such, Mr. Tkhilaishvili understands that he will need to receive clearance to travel to Georgia – that is, to demonstrate that Georgia would permit his entry notwithstanding his felony conviction in this case.  He simply requests here that the Court make clear that the fact of Supervised Release need not be an obstacle to such a trip, subject to the advance approval of Probation.

(857) 321-8360
WFICK@FICKMARX.COM

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 15, 2019.

                      */s/ William Fick*