```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
                             )    CRIMINAL ACTION NO.
v.                           )    16-cr-10134-DPW
                             )
DAVID TKHILAISHVILI and      )
JAMBULAT TKHILAISHVILI,      )
                             )
             Defendants.     )
```

MEMORANDUM AND ORDER

Brothers David Tkhilaishvili ("David") and Jambulat Tkhilaishvili ("Jambulat") move pursuant to 28 U.S.C. § 2255 to vacate their respective judgments. The two contend that their own separate trial attorneys for their joint trial each provided ineffective assistance of counsel. They suggest that this deficient assistance of counsel was somehow compounded by corresponding ineffectiveness on the part of their separate appellate counsel.

## I. INTRODUCTION

### A. *Factual Background and Procedural Posture*

In 2014, David and Jambulat partnered with Mr. Victor Torosyan to open a suboxone clinic in Quincy, Massachusetts. Their arrangement was that Mr. Torosyan would provide the capital for the clinic to get off the ground while the Tkhilaishvili brothers would provide the functional know-how in

support of the operation.  The enterprise was plagued by various setbacks and disputes between the Tkhilaishvilis and Mr. Torosyan.  Although the clinic opened in October 2015, by early 2016, the partnership between the Tkhilaishvili brothers and Mr. Torosyan had completely fallen apart.  David and Jambulat threatened Mr. Torosyan multiple times throughout their partnership, attempted to extort parts of his various business interests, and took money out of the clinic without authorization.  After sinking roughly $580,000 into the clinic, Mr. Torosyan informed the Federal Bureau of Investigation (FBI) of the Tkhilaishvili brothers' behavior, agreed to wear a wire, and recorded conversations in which David made several incriminating statements, reiterated earlier threats, and referred to previous violent acts both he and his brother had engaged in.

    1.   <u>Direct Proceedings</u>

Both David and Jambulat were each charged with Hobbs Act conspiracy to extort and attempted extortion, 18 U.S.C. §§ 1951 and 2, and David was charged with two additional counts of embezzlement and attempted embezzlement from a health care program, 18 U.S.C. §§ 669(a) and 2.  In 2017, the brothers were convicted on all the respective counts of the indictment charging them after a five-day jury trial before me.  They appealed their convictions.  In 2019, the Court of Appeals

acknowledged the government's disavowal of Count Three of the conviction, one of the embezzlement counts for which David was convicted. It affirmed the remainder of their convictions in a detailed and comprehensive opinion. *United States* v. *Tkhilaishvili*, 926 F.3d 1 (1st Cir. 2019).

2.  Collateral Proceedings

After lengthy pursuit of various forms of direct appellate review, David and Jambulat now return to this court to challenge their sentences collaterally under 28 U.S.C. § 2255. [Dkt. Nos. 237 & 240].

An individual seeking relief under 28 U.S.C. § 2255 must initiate the process by filing a court form, AO 243, which requires the movant to identify the issues he presents and whether the issues presented had previously been raised in the criminal proceedings against him. The Tkhilaishvili brothers filed their separate forms virtually simultaneously raising essentially the same issues.

David filed at 3:58 PM on October 13, 2020. In Ground One, David raised "ineffective assistance of counsel in violation of 6th Amendment" referencing as specific facts:

> Trial counsel erroneously stipulated to an alleged jurisdictional "fact" that Allied Health Clinic was a health care benefit (sic) program;
>
> Trial counsel failed to preserve sufficiency arguments and objections to jury instructions;

3

> Trial counsel failed to challenge erroneous translations of recorded conversations; [and]
>
> Trial counsel was ineffective at trial in cross examination and argument.

David conceded that he raised this issue on direct appeal.

In Ground Two, David raised "Violation of *Brady* v. *Maryland*" which he conceded he had not raised on direct appeal because "[e]vidence of violation is newly discovered and was not part of the record available on appeal." This ground was said to give rise to the constitutional violation because "[t]he government failed to disclose Victor Torosyan's bias and lack of credibility, including communication between Torosyan, his lawyers and the government."

Jambulat filed his AO 243 form three minutes after David at 4:01 PM on October 13, 2020. In Ground One, he also asserted "ineffective assistance of counsel in violation of 6th Amendment," but only included as facts two of the specific allegations David had raised:

> Trial counsel failed to challenge erroneous translations of recorded conversations; [and]
>
> Trial counsel was ineffective at trial in cross examination and argument.

Jambulat's assertion of Ground Two "Violation of *Brady* v. *Maryland*" was specified in precisely the same terms as David's and the failure to raise on direct appeal was explained in precisely the same way:

4

>Evidence of the violation is newly discovered and was not part of the record available on appeal.

The government promptly filed a tightly argued opposition to the § 2255 motions on February 2, 2021.  But not until prompted by my Procedural Order of September 19, 2021 did the movants offer anything further.  Their filings on September 30, 2021 consisted of *argumentum ad misericordiam* and conclusory statements of disagreement with the government's response.

## II. ANALYSIS

As a preliminary matter, I observe that, as the judge who presided over the Tkhilaishvilis' criminal trial in 2017, I may rule on their motions without holding an evidentiary hearing.  *See DeCologero* v. *U.S.*, 802 F.3d 155, 167 (1st Cir. 2015) (finding that when the judge who presided over the original trial is the same judge deciding the § 2255 motion, "the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing").  I am familiar with the legal issues that animated the Tkhilaishvilis' jury trial as well as the factual background of their case.

Most significantly for present purposes, a hearing is not necessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to

5

the alleged facts by the files and records of the case." *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir. 1974). In other words, "a § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *Shraiar* v. *U.S.*, 736 F.2d 817, 818 (1st Cir. 1984) (citation omitted). I find the motions before me contain only bald assertions of claims without adequate supporting factual allegations to justify relief on collateral attack.

After carefully and extensively reviewing the record relevant to David and Jambulat's motions, I conclude that the grounds on which they now undertake to challenge their convictions simply consist of repackaged and previously rejected or abandoned assertions that, at this point in the overextended travel of the case, are unavailing.

### A. *Ineffective Assistance of Counsel*

In challenging a conviction due to receiving ineffective assistance of counsel, movants must show first, "that [their] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and second, "that counsel's errors were so serious

as to deprive the defendant of a fair trial." *Strickland* v. *Washington*, 466 U.S. 668, 687 (1984).

When analyzing whether the attorney's performance was deficient under the first prong of the *Strickland* test, a movant "must show that his trial counsel's representation 'fell below an objective standard of reasonableness,'" *Peralta* v. *U.S.*, 597 F.3d 74, 79 (1st. Cir. 2020) (quoting *Strickland*, 466 U.S. at 690). Recognizing that after a defendant's conviction, "[i]t is all too tempting for a defendant to second-guess [their] counsel's assistance. . . and it is all too easy for a court, examining counsel's defense after it has proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable", I am instructed to be highly deferential to the attorney's strategic decisions and "must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Strickland*, 466 U.S. 668 at 689-90. In order to overcome this presumption, the movant must therefore demonstrate that their attorney's conduct cannot be considered sound trial strategy. *Phoenix* v. *Matesanz*, 233 F.3d 77, 81 (1st Cir. 2000).

To satisfy the second prong of the *Strickland* analysis, the movants must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the

7

proceeding would have been different." *Logan* v. *Gelb*, 790 F.3d 65, 71 (1st Cir. 2015).

Both Tkhilaishvili brothers claim that their respective "[t]rial counsel failed to challenge erroneous translations of recorded conversations" and were "ineffective at trial in cross examination and argument."  Additionally, David contends that his attorney's decision to waive arguments concerning whether Mr. Torosyan's equity interest in the clinic could be considered "property" and a decision to stipulate that the clinic was a "health care benefit program" under 18 U.S.C. § 669, constituted ineffective assistance.

These claims are insufficient to meet the burden movants must bear to demonstrate that their attorneys' conduct fell below what was required of them.  An attorney is "not required to waste the court's time with futile or frivolous motions." *U.S.* v. *Hart*, 933 F.2d 80, 83 (1st Cir. 1991).  Indeed, an attorney does not have "to raise every available nonfrivolous defense." *Knowles* v. *Mirzayance*, 556 U.S. 111, 127 (2009).

The decision by David's attorney not to preserve various issues on which he might appeal is fully in line with what one might expect of a competent trial counsel and David fails to demonstrate that these actions had any meaningful impact on his eventual conviction.  An effective attorney is expected to winnow down the disputed issues throughout the trial in order to

8

focus on the issues the attorney believes might provide the best defense for their client.  Effective litigation counsel recognize that the impact of stronger arguments may be diluted when coupled with significantly less compelling ones.

David and Jambulat's attorneys participated in extensive motions practice, zealously cross-examined the government's witnesses, and both made opening and closing statements that clearly reflected a defined defense strategy.  However, in their current § 2255 motion submissions, neither movant identifies what was erroneously translated in the recording introduced at trial or explains how these errors prevented them from receiving a fair trial.  David and Jambulat's attorneys preserved many issues concerning the breadth of the statutes they were charged under and these objections were considered on appeal.  The decisions of their counsel to stipulate to issues reflects strategic decisions to focus on other areas thought potentially fruitful.  Those decisions were entitled to considerable deference in choosing not to include challenges to decisions in areas thought less fruitful.  According such deference, I find no basis for collateral relief.

B.   *Brady Violation*

The Tkhilaishvili brothers claim that certain information about Mr. Torosyan was withheld from the defense during their trial in violation of *Brady v. Maryland*.  373 U.S. 83 (1963).

9

To prevail on a § 2255 claim alleging a *Brady* violation, a movant must show that "(1) the evidence at issue is favorable to him because it is exculpatory or impeaching; (2) the Government suppressed the evidence; and (3) prejudice ensued from the suppression (i.e., the suppressed evidence was material to guilt or punishment)." *Bucci* v. *U.S.*, 662 F.3d 18, 38 (1st Cir. 2011).

To satisfy this prejudice prong (or the "materiality prong"), a movant challenging his conviction must demonstrate that there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler* v. *Greene*, 527 U.S. 263, 280 (1999).  In their § 2255 motions, the Tkhilaishvilis' merely assert that "[t]he government failed to disclose exculpatory information concerning Victor Torosyan's bias and lack of credibility, including communications between or among Torosyan, his lawyers, and the government."  They offer no further details as to the information that was not disclosed, how and what is was they discovered, what steps they took to obtain and use it, or how this information might have impacted the jury in their trial.  The failure to provide meaningful detail about information purportedly inadequately disclosed is fatal to movants' reformulated claim.

Without proffering any additional information about how this allegedly exculpatory information prejudiced them, the

10

Tkhilaishvili brothers fail to demonstrate that there is a reasonable probability that, had the evidence been disclosed to the defense, they would not have been convicted. Given the bare allegations the movants do raise, I will deny their motions to vacate their sentences as grounded in what is characterized as a *Brady* violation.

### III. CONCLUSION

For the foregoing reasons, I deny David and Jambulat's motions to vacate their sentences filed pursuant to 28 U.S.C. § 2255. I find that the decisions of their attorneys during the trial reflected considered strategic judgment about the most forceful defense that could be mounted. Neither David nor Jambulat have proffered any evidence that different decisions by trial counsel would have had any meaningful impact on their eventual convictions.

Regarding the alleged *Brady* violation, the Tkhilaishvilis have failed to identify what purported exculpatory information about Mr. Torosyan was withheld and have made no adequate arguments about the effect such improperly withheld evidence had on their convictions. The likely bias of Mr. Torosyan was more than adequately disclosed in the vigorous cross-examination which he endured.

After review of the ample record in this case, I conclude that, without more, the Tkhilaishvili brothers have failed to

advance even colorable bases to challenge their convictions pursuant to 18 U.S.C. § 2255.  The § 2255 motions of the Brothers Tkhilaishvili must be and are DENIED.

    SO ORDERED.

August 20, 2024                    */s/ Douglas P. Woodlock*
                                          DOUGLAS P. WOODLOCK
                                          United States District Judge